IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEREMY HUTCHINSON,　　　　　　　)
Reg. No. 32161-009,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Petitioner,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　)　CASE NO. 2:25-CV-214-WKW
　　　　　　　　　　　　　　　　　　)　　　　　　　[WO]
WARDEN WASHINGTON,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Respondent.　　　　　　　　　)

**ORDER**

Petitioner Jeremy Hutchinson, proceeding *pro se*, filed a Petition for Writ of

Habeas Corpus under 28 U.S.C. § 2241.  (*See* Doc. # 1.)  At the time of filing, he

was incarcerated at the Federal Prison Camp in Montgomery, Alabama.[1]  (*Id.* at 1.)

In his petition, he claims he has been denied earned time credits under the First Step

Act of 2018.  (*Id.* at 4.)  However, his petition initially was deficient because it lacked

a signature under penalty of perjury, as required by Rule 2(c) of the *Rules Governing*

*Section 2254 Cases in the United States District Courts*.[2]  To permit Petitioner to

correct this deficiency, the court entered an Order on April 9, 2025 ("April 9 Order"),

---

[1] The Federal Bureau of Prisons inmate database reflects that Petitioner is no longer in BOP custody.  *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Aug. 6, 2025).

[2] Rule 2(c) applies to § 2241 petitions under Rule l(b) of the *Rules Governing Section 2254 Cases in the United States District Courts*.  *See also* 28 U.S.C. § 2242 (requiring that a § 2241 petition be "signed and verified by the person for whose relief it is intended").

setting an April 23 deadline.  (Doc. # 2 at 1–2.)  The April 9 Order also required

Petitioner to notify the court of any address change and cautioned him that failure to

comply would result in dismissal without further notice for failure to prosecute and

comply with an Order of the court.  (*Id.* at 2.)  Petitioner complied with the Order

insofar as he filed an addendum to his petition, certifying that the allegations were

made under penalty of perjury.  (*See* Doc. # 4.)  Thereafter, the court ordered the

issuance of appropriate summons and directed Respondent to file a response to the

petition ("April 21 Order").  (Doc. # 5 at 1–2.)  The April 21 Order reiterated the

requirement that Petitioner notify the court and Respondent of any change of

address, specifically cautioning Petitioner that failure to do so would result in

dismissal.  (*Id.* at 2–3.)  The court extended Respondent's time to file an answer (*see*

Doc. # 11), and Respondent timely filed a response.  (*See* Doc. # 12.)  On July 1,

2025, the court ordered Petitioner to file a reply to the response no later than July

23, 2025 ("July 1 Order").  (Doc. # 13 at 1.)

       To date, Petitioner has failed to comply with the portions of the April 9 Order

and the April 21 Order directing him to notify the court of a change of address.

Additionally, Petitioner has neither complied with nor responded to the July 1 Order.

Because Petitioner failed to comply with the court's Orders, his petition will be

dismissed without prejudice.  A district court "may . . . dismiss a case under its

inherent authority, which it possesses as a means of managing its own docket so as

to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up).  The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306.  Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306.  "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306 (emphasis in original).

In this instance, Petitioner failed to comply with the April 9, April 21, and July 1 Orders, despite their express directives and warnings that failing to meet the deadlines would result in dismissal of this action.  Consequently, this action will be

3

dismissed without prejudice.  Although not required for such a dismissal, the court

finds a clear record of delay, given the extended period of non-compliance and the

notice provided.  It further concludes that no lesser sanction than dismissal would be

effective.  *See id.*

Based on the foregoing, it is ORDERED that the Petition for Writ of Habeas

Corpus under § 2241 is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 12th day of August, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE